MATTHEW CURRENT & CO. v. PATRICK DROHAN.

**Damages—Negligence.**

> One operating a threshing machine, who mixes coal oil with lubricating oil and uses the same to oil the machinery and thereby caused the machinery to take fire from its own friction, and burned plaintiff's wheat, is so far negligent that a verdict against him will not be disturbed.

APPEAL FROM HARRISON CIRCUIT COURT.

December 10, 1878.

OPINION BY JUDGE ELLIOTT:

Appellants contracted with appellee to thresh his wheat with their threshing machine propelled by steam. After their commencement of the job, and after about sixty-five or seventy sacks of wheat had been threshed, the machine and all the unthreshed wheat were consumed by fire.

It seems that the lubricating oil that appellants had been using on their machinery was about to give out, and they obtained some coal oil, which they mixed with it, and after using this new lubricating preparation for a short time the machinery, as is contended by appellee, from its own friction took fire and consumed his wheat.

It is contended for appellants that one of the instructions given by the court authorizes the jury to find for the appellee, if they believe certain facts, without informing them that they must so believe from the evidence adduced on the trial. It is usual and proper to instruct the jury that their belief of any fact which is the subject of inquiry must be founded on the evidence which they have heard on the trial; but when it is considered that all the other instructions inform the jury that their belief of the facts must result from the evidence we cannot see how the omission in this instance could have prejudiced the appellants.

In other words, the jury were substantially told that their finding must be founded on the evidence which they had heard on the trial, and the omission to repeat such direction in one of the instructions could not have prejudiced appellants' rights, as there was no man, as we must presume, on the jury who did not know that he was trying the case according to the evidence adduced on it. On the merits of this case we have to say that we can find no fault with the instructions, and as the evidence was conflicting, but conduced to prove

the appellee's cause of action, we cannot interfere with the verdict of the jury.

The main question was whether appellants had been guilty of negligence in the use of coal oil as a lubricating oil in threshing appellee's wheat, which by the heat engendered by the rapid revolutions of the wheels on the axles caught fire and consumed appellee's wheat, and on this question all the instructions were as favorable to appellants as the law will permit. The court instructed the jury that before they could find against appellants by reason of their use of coal-oil on their machinery they must believe not only that they did so use it, but must further believe that the oil thus used was a dangerous and inflammable oil, and that by the negligent and careless use of it the appellants set fire to and consumed the wheat of the appellees, etc. Although there is a conflict the evidence in this case conduces strongly to the conclusion that coal oil applied in the lubricating of such machinery as a wheat thresher is dangerous and inflammable, and that owing to the rapid revolutions of the wheels of such machinery it is liable to ignite and burn up the machinery, etc., and the evidence is persuasive that the wheat, etc., in dispute in this action, was consumed by such ignition.

Wherefore the judgment is *affirmed*.

*W. V. Prather, T. F. Hargis, for appellants.*

*J. Q. Ward, for appellee.*